Wyetta Sylvia ALEXANDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–82–116 CR.

Court of Appeals of Texas,
Beaumont.

Dec. 28, 1983.

Petition for Discretionary Review
Refused July 11, 1984.

**558**

James DeLee, Nederland, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was indicted for the offense of murder but was found guilty by a jury of the offense of voluntary manslaughter and her punishment was assessed at confinement for a period of five years.

Appellant first complains of error "in receiving into evidence, over Appellant's timely objection, statements made by Appellant under custodial interrogation."

The record reveals that Officer Darrell James, a patrolman with the Port Arthur Police Department, in answering a call relating to a shooting incident at 3026 Fourteenth Street in Port Arthur, approached the residence and when he "got to the front door a female black met me at the door and advised me that there had been a shooting." This person was later identified as the appellant. James further testified that appellant "advised me that there had been a shooting, she then stated that she was the one who had fired the shots.... At that time I asked her where the victim of the shooting was. She carried me back to where his body was.... The body was at the rear of the house ...." No objection was made to this testimony. James stated he then read appellant "her rights off of the Miranda warning card," and he testified as to the contents of such "Miranda card." No objection was made to this warning given appellant.

After giving appellant the Miranda warning, James stated, "I then asked her where the shooting had taken place—" This statement was interrupted by appellant's counsel with "I object to any further testimony in this case and ask that the Jury be excused if we are going into a statement by the defendant." This objection is entirely too general to preserve error. *Quinones v. State*, 592 S.W.2d 933 (Tex.Crim.App.1980).

However, in an abundance of caution, the Court retired the jury, and in the absence of the jury, testimony elicited from James and appellant centered around the time of giving the Miranda warning. James testified that he asked appellant "where the shooting had occurred and where the weapon was that was used in the shooting.... She advised me that she had placed it [the gun] between two mattresses in the bed.... At that time I asked her to show me which bed she was talking about. She did at that time and I recovered the weapon." Appellant led James into the house into a bedroom where he recovered the weapon. James testified that he gave the Miranda warning prior to the questions asked appellant concerning the location of the shooting and "where the weapon was that was used in the shooting." Appellant testified that the Miranda warning was given after James had "questioned" her and after she had "given him the weapon."

The testimony of James and appellant presented a disputed fact issue as to the time of giving the Miranda warning. Where such disputed fact issue is presented, the issue is one of fact to be determined by the trier of facts. *Harville v. State*, 591 S.W.2d 864 (Tex.Crim.App.1979). The Court obviously rejected appellant's version.

At the conclusion of the testimony in this hearing, appellant, for the first time, objected to the oral statements "as being fruits of an illegally-obtained confession or statement and in violation of Article 38.22,

Code of Criminal Procedure." The trial court properly overruled this objection. Oral statements leading to an instrument with which an accused states the offense was committed are admissible, under TEX. CODE CRIM.PROC.ANN. Art. 38.22, sec. 3(a), (c) (Vernon Supp. 1982–1983). *Marini v. State,* 593 S.W.2d 709 (Tex.Crim.App. 1980); *Lopez v. State,* 535 S.W.2d 643 (Tex. Crim.App.1976).

■ Appellant further argues under this ground of error that the evidence given by Officer James in testifying about the oral statements made by appellant was inadmissible because the exact words of appellant were not stated. Appellant made no objection to this testimony when given and in the absence of such objection the same is waived and nothing is presented for review. *Esquivel v. State,* 595 S.W.2d 516 (Tex.Crim.App.1980); *Crocker v. State,* 573 S.W.2d 190 (Tex.Crim.App.1978). For all of the above stated reasons, this ground of error is overruled.

Appellant's second ground complains of error in failing to charge the jury on the "lesser included offense of criminally negligent homicide."

Appellant testified that on the morning of the shooting the deceased struck appellant's daughter "in the back of the head" and he "slapped me and started beating me across the head with his fist." This occurred in the living room. Appellant then went into the "bedroom and got the gun and returned back to the—as far as the dining room." Deceased was at that time sitting in a chair, "[a]nd when he seen me he just jumped out of his chair and ran towards the front door. And when he ran towards the front door and out the front door, I fired. I was firing to scare him.... I fired the pistol when he ran out the door.... And he must have went around the house to the back of the house.... And I seen him when he went to enter the back door." She testified that he was, at that time, coming at her and she again fired the gun towards him. The deceased then ran away from the back door and "went back to the front" and "was coming

back through the front door." She testified that she fired the gun "about five times." She stated she did not intend to kill or harm deceased, but meant only to scare him. It is undisputed that one of the bullets from the "five shots" struck deceased and caused his death.

The Court charged the jury on the offense of murder, involuntary manslaughter and voluntary manslaughter. Appellant objected to the charge because of the failure to charge on criminally negligent homicide.

The offense of criminally negligent homicide is committed when a person causes the death of an individual by criminal negligence. TEX.PENAL CODE ANN. Sec. 19.-07 (Vernon 1974). Criminal negligence is defined in TEX.PENAL CODE ANN. Sec. 6.03(d) (Vernon 1974) as:

"A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur...."

■ The key to criminal negligence is found in the failure of the actor to perceive the risk. *Lewis v. State,* 529 S.W.2d 550 (Tex.Crim.App.1975). After a careful review of the evidence in the case at bar, we conclude the evidence does not raise the issue of the lesser included offense of criminal negligence. There is no evidence to indicate that the appellant possessed the requisite culpable mental state for such lesser included offense, *i.e.,* that she ought to have been aware of a substantial and unjustifiable risk and was not so aware. *Bravo v. State,* 627 S.W.2d 152 (Tex.Crim. App.1982); *Simpkins v. State,* 590 S.W.2d 129 (Tex.Crim.App.1979). This ground is overruled.

Appellant next contends the evidence is insufficient to sustain the conviction for the offense of voluntary manslaughter. The thrust of her argument is that there is no evidence that the death of deceased was

caused by appellant while she was under the "immediate influence of sudden passion."

 Appellant was indicted for the offense of murder. She was convicted of the offense of the lesser included offense of voluntary manslaughter. Even if the evidence does not show the offense was committed under the influence of sudden passion arising from adequate cause, as required by TEX.PENAL CODE ANN. Sec. 19.04 (Vernon 1974), her conviction must be sustained if sufficient evidence was introduced to support a finding of guilt on the greater offense of murder. *Curtis v. State,* 573 S.W.2d 219 (Tex.Crim.App.1978). The evidence was sufficient to show the greater offense of murder. Moreover, the evidence was sufficient to raise the issue of voluntary manslaughter. This ground is overruled.

The judgment is Affirmed.