Anderson GAINES, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-86-00199-CR.

Court of Appeals of Texas, San Antonio.

Jan. 14, 1987.

Discretionary Review Granted April 1, 1987.

David Weiner, San Antonio, for appellant.

Sam Millsap, Jr., Phyllis West, Juan Chavira, Raymond Hardy, Jr., Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

## OPINION

BUTTS, Justice.

A jury found appellant guilty of the offense of aggravated sexual assault, TEX. PENAL CODE ANN. § 22.021(a)(5) (Vernon Supp.1986), and assessed punishment at 25 years' imprisonment.

The sole point of error is that fundamental error occurred when the trial court submitted jury instructions on the law of parole in violation of TEX. CONST. art. II, § 1. Appellant contends the separation of powers doctrine is breached by the application of the statute in the form of jury instructions. *See,* TEX.CODE CRIM. PROC.ANN. art. 37.07 § 4(a) (Vernon Supp.1986).

Appellant relies on the initial panel decision in *Rose v. State,* No. 05–85–01136–CR (Tex.App.—Dallas, Aug. 11, 1986) which concluded that art. 37.07 § 4(a) was such a violation because it was an attempt to allow the judicial branch of government to exercise a power exclusively within the province of the executive branch of government. That initial decision reasoned fundamental error resulted because an accused would be assessed punishment by a criminal procedure which is null and void in part. Therefore, no objection to the jury charge in that regard was necessary to preserve the fundamental error.

The panel opinion in *Rose* was overturned on rehearing *en banc* on December 1, 1986. In the majority opinion the court noted that the legislature is empowered to act broadly in enacting rules to govern parole laws. TEX. CONST. art. IV, § 11. This fact is also stressed in *Joslin v. State,* 722 S.W.2d 725 (Tex.App.—Dallas 1986) which addresses the same constitutional contention. Both opinions discuss the legislative history and quote this portion of HOUSE COM. ON JURISPRUDENCE, BILL ANALYSIS, Tex.S.B. 37, 69th Leg. (1985):

### Background Information

There has been an outcry from public citizens serving as jurors that the sentences that have been handed down have differentiated greatly from the sentences actually served. Jurors have indicated in some instances that they were recommending even longer sentences in order to compensate for the time which would be knocked off the sentence by the combination of good time credit and eligibility for parole.

### Problem(s) that the bill addresses:

Public citizens serving as jurors from across the State have indicated that they need to be informed that the defendant may, but will not necessarily, be incarcerated for the full length of the sentence imposed; and the guidelines that are used to reduce the sentences through parole and good time credit.

It is plain the legislature intended to make explicit some already possessed common knowledge about parole law, along with an admonition not to consider the application of these factors, in order to reduce the incidence of jury misconduct. It may be this portion of the instructions will clear up some misconceptions of the parole law. *See, Joslin,* at 733. Article 37.07 § 4 nowhere permits juries to apply parole laws in determining punishment. TEX. CONST. art. II, § 1, interp. commentary provides in part:

Thus, it is not exactly correct to state the principle of separation of powers as absolutely prohibiting performance by one department of acts which by their essential nature belong to another. Rather, the correct statement is that a department may constitutionally exercise any power whatever its essential nature, which has, by the constitution, been delegated to it; but that it may not exercise powers not so constitutionally granted which from their essential nature do not fall within its division of governmental functions.

In *Joslin,* at 733, it was noted that the legislature may determine the procedure to be followed provided it does not interfere with the trial court's discretionary powers. That decision concluded the legislature was attempting to

establish some uniformity in the presentation of parole law information to juries. The statutory instruction specifically forbids jury consideration of the application of parole law. It cautions the jury not to speculate on the application of the parole law since the decision belongs to another authority and it is impossible to predict accurately when a defendant will be released on parole.

The statute is aimed at preventing jury misconduct related to discussion of parole in a particular case, while at the same time assuring a jury that parole laws do exist. This falls within the purview of the power of the legislature in regulation and enactment of parole laws. *See, Lyle v. State*, 80 Tex.Crim. 606, 193 S.W. 680 (1917). TEX. CONST. art. IV, § 11. The point of error is overruled.

Having determined that the statute is not constitutionally infirm since it does not violate the separation of powers doctrine, we have no need to address the application of *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim.App.1985) (egregious harm to a defendant resulting from error in jury charge).

The judgment is affirmed.