**Augustine RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00069–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 12, 1987.

Rehearing Denied Dec. 31, 1987.

Dennis Sagebiel, Seguin, Charles D. Butts, San Antonio, for appellant.

W.C. Kirkendall, Sean K. Proctor, Seguin, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

## OPINION

CANTU, Justice.

Appeal is from a conviction for voluntary manslaughter as a lesser included offense of murder. Punishment was assessed by the jury at confinement for a period of ten years.

The salient facts are as follows:

On the evening of July 10, 1983, Seguin police were dispatched to the R & R Drive–In, an establishment licensed to sell alcoholic beverages, to investigate a report that a patron was in possession of a weapon. When police arrived the owner described the person alleged to be in possession of a gun as being a male wearing a black cowboy hat and boots. According to the owner, another patron, later identified as appellant, saw the suspect, Pedro Gomez, in possession of a gun when he (appellant) went to the bathroom. When police searched Gomez they found nothing and left. Within a few minutes they were advised to return to the premises for a shooting.

Appellant testified that he had gone to the bathroom once again as soon as police conducted the search of Gomez and left. According to appellant, Gomez followed him into the restroom and attempted to rob him. A struggle ensued and appellant was hit on the head by Gomez with the gun. Appellant, nevertheless, managed to seize the gun from Gomez's possession and leave the bathroom. Gomez allegedly followed appellant demanding the return of the gun under threat of death. Appellant then shot Gomez when Gomez lunged at him. One of the other patrons, however, contradicted appellant's version of the events. He stated that appellant shot at Gomez without provocation.

In his first point of error appellant complains that the trial court erred in having the judgment recite that appellant "used a deadly weapon during the commission of the offense, to wit: a firearm."

The indictment charged that appellant did "intentionally and knowingly cause the death of an individual, to wit: Pedro Gomez, by shooting him with a gun."

Appellant was convicted of voluntary manslaughter under a charge that required the jury to find that appellant caused the death of Gomez by shooting him with a gun.

Appellant argues that because trial on both phases was to a jury, the trial court was without authority to make an affirmative finding that appellant used a deadly weapon. Reliance is had upon *Ex parte Grabow*, 705 S.W.2d 150 (Tex.Crim.App. 1986) (en banc); *Polk v. State*, 693 S.W.2d 391 (Tex.Crim.App.1985); *Boyett v. State*, 692 S.W.2d 512 (Tex.Crim.App.1985) (en banc); and other cases.

In *Boyett v. State*, a case remarkably similar to the instant one, the court stated:

We note first that since appellant was tried by a jury the court had no authority to make an affirmative finding that appellant used a deadly weapon. Art. 42.-12, Sec. 3f(a)(2) V.A.C.C.P.; *Ex parte Thomas*, 638 S.W.2d 905 (Tex.Crim.App. 1982). Further, we have held that where the jury is the trier of fact, the indictment specifically alleges 'deadly weapon' or names a weapon that is a deadly weapon per se, and the jury's verdict finds the defendant guilty 'as charged in the indictment,' the jury has made an affirmative finding as to the use of a deadly weapon. *Polk v. State*, [693 S.W. 2d 391] (1985). A 'gun' is not a deadly weapon per se. *Chavez v. State*, 657 S.W.2d 146 (Tex.Crim.App.1983). Therefore, the indictment in this case does not allege a deadly weapon so as to permit a verdict of 'guilty as alleged in the indictment' to be considered an affirmative finding. No special issue was submitted to the jury on the issue. The affirmative finding was therefore improperly entered on the amended judgment. We order the affirmative finding stricken from the amended judgment and reform that judg-

ment by deleting the improper finding. *Boyett*, 692 S.W.2d at 517.

The State recognizes that *Boyett* is controlling but argues in favor of adoption of a per se ruling as a deadly weapon when the word utilized in the indictment is gun. We decline to do so. We sustain appellant's first point of error and order the affirmative finding stricken from the judgment and reform the judgment by deleting all references to deadly weapon.

In his second point of error appellant complains of the trial court's charge which contained an instruction on "parole and good time." *See* TEX.CODE CRIM.PROC. ANN. art. 37.07, § 4(a) (Vernon Supp.1987).

Appellant objected to the court's charge on punishment claiming that the charge violated the separation of powers doctrine embodied in Article II, § 1 of the Texas Constitution.

Article II, § 1 provides for a division of powers among the Legislative, Executive and Judicial branches of government. There is therein embodied a prohibition on the exercise of power attached to one branch by either of the other branches. It has been said that:

> [A] power which has been granted to one department of government may be exercised only by that branch to the exclusion of the others ... and
> *any attempt by one department of government to interfere with the powers of another is null and void. Ex parte Giles*, Tex.Cr.App., 502 S.W.2d 774 [1973]. *Smith v. Blackwell*, Tex.Cr. App., 500 S.W.2d 97 [1973]. (Emphasis in original).

*Sanders v. State*, 580 S.W.2d 349, 352 (Tex. Crim.App.1978).

The same contention was raised and rejected by a panel of this Court in the recent opinion found in *Gaines v. State*, 723 S.W. 2d 302 (Tex.App.—San Antonio 1987, pet. granted). We adhere to the holding in *Gaines* and reject appellant's contention. We note that the precise question remains unanswered before the Texas Court of Criminal Appeals in the following cases:

*Spelling v. State*, 719 S.W.2d 404 (Tex. App.—Fort Worth 1986, pet. granted); *Patton v. State*, 717 S.W.2d 772 (Tex.App.— Fort Worth 1986, pet. granted). Nevertheless, in deciding as we do, we align ourselves with the better reasoning supporting constitutionality of the statute. Appellant's second point of error is overruled.

In his third point of error appellant alleges that the trial court committed fundamental error when it included a charge on the parole laws and good time when there was no finding by the jury that appellant used a deadly weapon during the commission of the offense.

Appellant recognizes that TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4(a) provides for such a charge as was given by the trial court "if the offense of which the jury has found the defendant guilty is listed in § 3f(a)(1), article 42.12 of this code or if the judgment contains an affirmative finding under § 3f(a)(2), article 42.12 of this code." [1]

Section 3g(a)(1) lists only the offenses of capital murder (Section 19.03 P.C.), aggravated kidnapping (Section 20.04 P.C.), aggravated sexual assault (Section 22.021 P.C.), and aggravated robbery (Section 29.-03 P.C.).

Section 3g(a)(2) addresses affirmative findings of the use or exhibiting of a deadly weapon.

■ Since appellant was convicted of voluntary manslaughter, an offense not listed in § 3g(a)(1), and because the jury made no affirmative finding of use of a deadly weapon and the trial court was without authority to make such finding, the instruction given by the trial court was inappropriate.

■ We must, therefore, decide whether the giving of an unauthorized instruction requires reversal. It is noted that the only objection lodged by appellant to the court's charge was the previously discussed separation of powers argument. At no time does it appear that the argument now presented on appeal was raised before the

**1.** References should be to §§ 3g(a)(1) and 3g(a)(2).

trial court. Error presented on appeal must be the same as the objection raised before the trial court. *Pennington v. State,* 697 S.W.2d 387 (Tex.Crim.App.1985) (en banc).

■ In the absence of a proper objection only egregious error or error which deprives an accused of a fair and impartial trial can be reviewed as fundamental error.

If we examine the entire record, that is, the charge in its entirety, the contested issues, the weight of the probative evidence, the argument of counsel and any other relevant evidence, we must be convinced that appellant has suffered such harm as was calculated to injure his rights to the extent that he has not had a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984) (en banc).

We are not persuaded that appellant has suffered any harm from inclusion of the instruction much less egregious harm. Indeed appellant does not now complain of harm. His sole complaint is that the instruction was improper and erroneous. We agree to that extent, but in view of the punishment assessed and the fact that defense counsel asked for and received the exact term of years assessed by the jury, albeit not probated, it can hardly be argued that the instruction prejudiced appellant beyond that which he was willing to accept. Appellant's third point of error is overruled. .

Appellant next complains of improper prosecutorial jury argument during the punishment phase.

During the prosecutor's argument to the jury the following was said:

> Voluntary manslaughter is what we call a second degree felony. The range of punishment from two to 20 years is the range that is set by the legislature for second degree felony. Now, probation is an option. Probation is an option every time a person is first convicted of a felony, regardless of the felony with the exception of capital murder which of course is not in this case. Every person from Henry Lee Lucas on down are ...

Defense counsel timely objected and the trial court promptly sustained the objection and sua sponte instructed the jury to disregard the comments of the prosecuting attorney. Defense counsel's request for mistrial was overruled.

On appeal appellant argues that up to that point he was a good candidate for probation because he had a substantial medical disability, was on medication, was 53 years old at the time of trial, had no prior criminal record, had a lengthy history of steady employment and a good reputation for being a peaceable and law abiding citizen in Seguin.

We agree that the remark was uncalled for and the trial court apparently recognized such, as is evident by its sua sponte instruction to the jury to disregard the comment.

■ Ordinarily, any injury from improper jury argument is obviated when the court instructs the jury to disregard the argument, unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonition. *Blansett v. State,* 556 S.W.2d 322 (Tex.Crim.App.1977).

■ Although we recognize the notoriety that has been drawn to the name Henry Lee Lucas we are not prepared to hold that mere mention of the name creates such prejudice that cannot be removed by an instruction to disregard.

The trial court's prompt action is indicative of the court's disapproval of the prosecutor's actions. The instruction to the jury clearly informed the jury that there was no place in the evidence for references to Lucas.

Moreover the prosecutor's subsequent remarks show that the remarks were not made in bad faith but rather in an effort to point out that all first time convicts are eligible for consideration of probation. The unfortunate mention of Lucas' name was clearly uncalled for, but in view of the punishment assessed we cannot say that the mere mention of Lucas' name caused the jury to deny appellant probation. To

conclude that would be to engage in pure speculation.

Appellant's fourth point of error is overruled.

■ In his fifth point of error appellant contends that the sentence of ten years is excessive. Without reiterating all the reasons appellant advances for the granting of probation, we merely point out that so long as the punishment is within the range provided by the statute for the offense committed it is not cruel and unusual and hence not excessive. *Samuel v. State*, 477 S.W. 2d 611 (Tex.Crim.App.1972). Appellant's fifth point of error is overruled.

Appellant's sixth point of error challenges the sufficiency of the evidence to support a conviction for voluntary manslaughter. It is contended that there is no evidence that the death of Gomez was caused under the immediate influence of sudden passion arising from adequate cause. Our review of the evidence in the light most favorable to the verdict however, discloses that a conviction of murder would have been supported by the evidence.

■ The State contends that it was appellant who requested the instruction on voluntary manslaughter and that he should not now be permitted to complain that the evidence does not raise the lesser included offense. We observe that the record merely shows that appellant had no objection to the inclusion of the instruction in the court's charge. Nevertheless our conclusion must be the same; that even if the evidence fails to show that the homicide was committed under the influence of sudden passion arising from adequate cause, the conviction must be sustained because sufficient evidence was introduced to support a finding of guilt on the greater offense of murder. *Daniel v. State*, 668 S.W.2d 390 (Tex.Crim.App.1984) (en banc); *Cf. Alexander v. State*, 677 S.W.2d 557 (Tex.App.—Beaumont 1983, pet ref'd). Point of error number six is overruled.

Appellant's next contention is that the trial court erred in overruling his motion for mistrial urged when the State inquired into the criminal conduct of a third party.

During the cross-examination of a defense reputation witness the following occurred:

Q. ... You also know Mr. Rodriguez' brother Juan, do you not?

A. Yes, sir. Really it's [sic] name of Juan, but a lot of people call him John.

Q. I see. And he has also been charged with some offenses arising out of this same occurrence arising out of the R and R Drive–In ...

An objection was lodged by defense counsel which the trial court sustained and followed up with admonishment to the jury to disregard the comment. A mistrial was requested and was denied.

Appellant now argues that the remark was calculated to convey to the jury that he was guilty by association. The record clearly discloses that appellant's brother was with appellant at the time of the homicide and that his brother, without provocation, assaulted another patron contemporaneous with the shooting by appellant. The jury was well aware of the brother's involvement.

■ Still, the single reference to the brother was not further explored nor was there mention of the nature of the offense involved. Neither was there a mention as to the final outcome of the alleged conduct and charges filed. We think that any harm that resulted from the remark was adequately neutralized by the court's admonition. Such was not of the type that could not be cured by an instruction to disregard. Appellant's seventh contention is overruled.

There being no error requiring reversal, the judgment of conviction is affirmed as reformed.

CADENA, Chief Justice, dissenting.

The conclusion that a conviction for voluntary manslaughter may be affirmed even if there is no evidence that appellant was guilty of that crime cannot be defended. It is clearly based on the erroneous assumption that voluntary manslaughter is a "lesser included offense" of the crime of murder. There is no basis for that conclusion,

since proof of murder does not constitute proof of voluntary manslaughter.

There are cases, such as *Daniel v. State*, 668 S.W.2d 390 (Tex.Crim.App.1984), relied on in the majority opinion, and *Braudrick v. State*, 572 S.W.2d 709, 710 (Tex.Crim. App.1978), which, despite the definition of "lesser included offense" in TEX.CODE CRIM.PROC.ANN. art. 37.09(1) (Vernon 1981), hold that the offense of murder includes the offense of voluntary manslaughter. This conclusion is indefensible.

Article 37.09(1), in simple and unambiguous language which cannot be misinterpreted without conscious effort, provides that an offense is a lesser included offense if:

> It is established by proof of the same or less than all the facts required to establish the commission of the offense charged.

Murder is committed by intentionally or knowingly causing the death of a person. TEX.PENAL CODE ANN. § 19.02(a) (Vernon 1974). Voluntary manslaughter consists of causing the death of another under circumstances which would constitute murder "except that" the death was caused "under the immediate influence of sudden passion arising from an adequate cause." TEX.PENAL CODE ANN. § 19.04(a) (Vernon 1974). From these definitions it is clear that the crime of voluntary manslaughter is not "established by proof of the same or less than all the facts required to prove" murder. Proof of voluntary manslaughter requires proof of the elements of murder plus proof that the intentional or knowing killing of another (murder) was done in the heat of passion. Voluntary manslaughter, then, requires proof of an additional element—sudden passion—which is not required in order to establish the crime of murder. No amount of sophistry cannot hide the fact that the statement that since the evidence is sufficient to prove murder it is necessarily sufficient to prove manslaughter is a result-oriented conclusion.

In *Bradley v. State*, 688 S.W.2d 847, 850 (Tex.Crim.App.1985), the State argued

[R]egardless of whether sudden passion is raised by the evidence, so long as the evidence supports a conviction for murder ..., a charge and conviction on the lesser included offense of voluntary manslaughter is allowable ... because proof of a greater offense will sustain a conviction for a lesser included offense.

*Daniel v. State, supra,* relied on by the majority opinion, was cited by the State in support of its contention in *Bradley.*

In *Bradley* the State's argument was rejected with the observation that it incorrectly assumed that voluntary manslaughter may be considered a lesser included offense in every case. Judge Clinton's opinion in *Bradley* concludes that whether voluntary manslaughter will be treated as a lesser included offense "is contingent on whether we find the evidence presented an issue as to sudden passion." 688 S.W.2d at 851.

Without pretending to understand, or be persuaded by, the reasoning which leads to the conclusion that evidence of the presence of the element of sudden passion, which is not an element of murder, makes voluntary manslaughter a lesser included offense, it is clear that Bradley stands for the proposition that in the absence of evidence of sudden passion, voluntary manslaughter is not a lesser included offense of murder.

If there is no evidence of sudden passion it cannot seriously be argued that proof of murder is proof of the lesser offense of manslaughter, since under such circumstances voluntary manslaughter is not a lesser included offense under *Bradley.*

The majority opinion's theory, which finds support in *Paige v. State*, 573 S.W.2d 16 (Tex.Crim.App.1978), that because the evidence was sufficient to prove murder, the greater offense, it was necessarily sufficient to prove voluntary manslaughter, is a somewhat unusual theory in another sense. The court is making the finding that the evidence, viewed in the light most favorable to the verdict, discloses that a conviction for murder would have been supported by the evidence. This approach is unusual, since the verdict was one of guilt

of manslaughter. Whatever the majority's view of the evidence may be, the simple fact remains that the jury, the ultimate trier of fact, unanimously decided that the evidence did not establish beyond a reasonable doubt that appellant was guilty of murder. In view of this finding by the only body authorized to weigh the testimony, this Court's conclusion concerning the sufficiency of the evidence becomes, even when viewed in the light most favorable to that conclusion, completely irrelevant. It would appear to be a usurpation of the jury's function for this court to say that the evidence was sufficient to establish that appellant was guilty of murder when the jury has unanimously decided otherwise.

In *Bradley* the Court in obviously gratuitous dictum, said that even if there is no evidence of sudden passion, failure to object to a charge on voluntary manslaughter on that ground "would signal acquiescence on the part of the accused in the trial court's judgment that sudden passion was raised," and that by "invoking" the benefit of the lesser included offense charge by not objecting. "An accused will be estopped from then complaining on appeal that the evidence failed to establish all the elements of the offense." 688 S.W.2d at 853.

This dictum is intriguing. The concept of a silent invocation is interesting. The dictum also embodies an interesting application of the doctrine of estoppel.

Under the theory of estoppel "invoked" in *Bradley,* some interesting results would be reached. A defendant in a murder case, by failing to object to a charge on murder, would be "estopped" to complain on appeal that there was insufficient evidence of murder there is no evidence that the victim of his assault died. This argument would fail because, by failing to object, he "acquiesced" in the trial court's judgment that the evidence established the death of the person injured. The *Bradley* estoppel theory fails to distinguish between a complaint that the charge is erroneous and a complaint of insufficiency of the evidence. Failure to object "estops" the accused from

complaining of an error in the charge. It is a novel, and unacceptable, notion that failure to except or object to the charge waives the right to insist that defendant's guilt be established beyond a reasonable doubt.

The *Bradley* "estoppel" or "acquiescence" theory creates some serious constitutional problems. If, as the first portion of *Bradley* indicates, voluntary manslaughter is not a lesser included offense of murder in the absence of evidence of sudden passion, then to uphold the conviction in the absence of such evidence would result in a conviction upon a charge not included in the indictment for murder. A conviction upon a charge not made "would be sheer denial of due process." *De Jonge v. Oregon,* 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278 (1937). Further, in the absence of evidence of sudden passion, to uphold a conviction for voluntary manslaughter would be a violation of due process. A conviction based upon a record wholly devoid of any relevant evidence of a crucial element of the offense charged is constitutionally infirm. *Jackson v. Virginia,* 443 U.S. 307, 314, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560 (1979); *Thompson v. City of Louisville,* 362 U.S. 199, 206, 80 S.Ct. 624, 628, 4 L.Ed.2d 654 (1960). The *Bradley* opinion did not concern itself, in dictum or otherwise, with the constitutional implications of its "estoppel" theory.

## ON APPELLANT'S MOTION FOR REHEARING

CANTU, Justice.

Our original opinion was delivered on November 12, 1987. The same day the Court of Criminal Appeals delivered its opinion in *Rose v. State,* No. 193–87 holding that TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4(a), along with the instruction it mandates, violates Article I, §§ 13 and 19 (due course of law) and Article II, § 1 (separation of powers), of the Texas Constitution. *Rose v. State,* No. 193–87 (Tex.Crim.App. Nov. 12, 1987) (en banc).

On original submission appellant complained of the trial court's action in charging the jury, over objection, on "parole and good time" pursuant to article 37.07, § 4(a). We peremptorily dismissed the contention based upon the holding in *Gaines v. State,* 723 S.W.2d 302 (Tex.App. —San Antonio 1987, pet. granted) written by a panel of this Court. Although we believed the better reasoning supported constitutionality of the statute, we have been proven wrong. We now readdress appellant's contention in light of the instructions in *Rose v. State, supra.*

One thing is now clear; it was error to charge the jury pursuant to article 37.07, § 4(a). The question that remains is whether the error mandates reversal. The concurring opinions in *Rose* call for application of the harm analysis in *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (en banc). *Rose v. State, supra,* Slip Op. at 2–3 (Miller, J., concurring; Campbell, J., joining) and at 2–3, 4–5 (Onion, J., concurring in part, dissenting in part).

We begin our analysis by recognizing that the charge given was timely and properly objected to at trial. Thus, under *Almanza,* if the error in the charge was the subject of a timely objection in the trial court; reversal is required only if the error is "calculated to injure the rights of defendant." That is, there need only be a showing of some harm to appellant.

We must, therefore, apply the harmless error test to the entire record before us before a reversal is required. In doing so we examine the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and other relevant information revealed by the record of the trial as a whole. *Almanza,* 686 S.W.2d at 171.

We note that we have previously made the required analysis in disposing of appellant's point of error number three. We do not deem it necessary to elaborate much further, except to recognize that in his motion for rehearing no contention is made that appellant has suffered any *harm* by the inclusion of the objected to instruction. As before, we can perceive of none.

The error occurred at the punishment phase of the trial and the harm, if any can be found, must be found at that juncture. As we earlier recognized, appellant received the exact number of years he asked for, albeit without probation. We refuse to subscribe to the notion that the punishment hearing was unfair or that appellant was deprived of an impartial hearing where it is clear that the parole instruction in no way affected the jury's conscience in assessing the very term of years asked for by appellant.

Appellant's motion for rehearing is overruled.

CADENA, Chief Justice, concurring.

I agree that the conviction should be affirmed because the record clearly establishes that the instructions relating to parole resulted in no harm to appellant. However, I cannot agree to that portion of the opinion which suggests that a reversal would require a showing that the error was such that it deprived appellant of a fair and impartial trial. Where, as here, there was a timely objection to the erroneous charge, the conviction must be reversed unless we find beyond a reasonable doubt that there was not some harm to appellant. The requirement concerning deprivation of a fair and impartial trial is applicable only in the absence of an objection. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (en banc). *See* TEX.R.APP.P. 81(b)(2) (Vernon 1987).