**Augustine RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 133–88.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 23, 1988.

Dennis Sagebiel, Seguin, for appellant.

W.C. Kirkendall, Dist. Atty., Dwight E. Peschel, Asst. Dist. Atty., Seguin, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant of voluntary manslaughter, and assessed his punishment at ten years in the Texas Department of Corrections. The San Antonio Court of Appeals affirmed, *Rodriguez v. State*, 743 S.W.2d 287 (Tex.App.—San Antonio 1987).

In affirming the trial court's judgment on motion for rehearing, the Court of Appeals noted that under this Court's original decision in *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1987), the parole law instruction statutorily mandated under Art. 37.07, Sec. 4, V.A.C.C.P., is unconstitutional. The Court of Appeals then applied a harm analysis consistent with that set forth in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr. App.1984), and found that appellant had not suffered harm which was "calculated to injure the rights of defendant." In doing so, they noted appellant had not contended that he suffered any harm.

Review was granted to determine whether the appropriate harm analysis had been conducted. This Court subsequently delivered its opinion on the Court's own motion for rehearing in *Rose*, supra, on June 15, 1988. On rehearing, this Court held that Rule 81(b)(2), Tex.R.App.Pro., and not the tests set out in *Almanza*, supra, govern in deciding whether this type of charge error was harmless to the defendant.

Accordingly, this cause is remanded to the Court of Appeals so that it may analyze the error pursuant to Rule 81(b)(2), supra. See also *Haynie v. State*, 751 S.W.2d 878 (Tex.Cr.App.1988).

The judgment of the Court of Appeals is vacated and the cause is remanded for further proceedings consistent with this opinion.

ONION, P.J., dissents, and also dissents to the remand.