EULALIO RODRIGUEZ V. THE STATE.

No. 23671. Delivered May 28, 1947.
Rehearing Denied June 25, 1947.

*Theo. P. Henley,* of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder and the punishment assessed is confinement in the state penitentiary for life.

The only question presented for review is the sufficiency of the evidence to sustain his conviction. The solution of this question rests entirely on the evidence adduced on the trial.

The record reflects that on the night of the 5th day of August, 1946, a dance was in progress at the home of Thomaso Estrada. He had constructed a platform on his premises for that purpose. Approximately 2000 people attended, including appellant, Roberto Tovaria, Frank Castillo, and Walter Turnbow, a deputy constable. Appellant and Roberto Tovaria were under the influence of intoxicating liquor and were imposing on some of the guests by shoving them around. Estrada, the owner of the premises, requested the deputy constable, Turnbow, to take appellant and Tovaria from the platform on account of their conduct. Turnbow tapped Tovaria on the shoulder and told him to come along with him to his automobile. Appellant asked the deputy constable, Turnbow, what he was going to do with the boy to which he, Turnbow, replied that he was arresting him. Thereuepon appellant remarked, "You will not take anybody off, we will take you." The deputy constable said, "Stand back, I am going to take both of you off." Whereupon appellant made an effort to get to Turnbow who drew a blackjack, pushing Tovaria away and told him to go on. Tovaria grabbed the officer while appellant took the officer's pistol, pointed it at the officer, Turnbow, who then called upon Frank Castillo for assistance and when Castillo appeared with a pistol in hand, appellant shot him three times in rapid succession and then ran away taking Turnbow's pistol with him.

Appellant took the witness stand and testified that after Turnbow had struck him with the blackjack, he, Turnbow, drew his gun and pointed it at him, appellant; who became frightened, grabbed the pistol, and took it away from Turnbow. At this juncture, Frank Castillo appeared on the scene and pointed a pistol at him, appellant, who feared that Castillo would kill him whereupon he shot Castillo three times in self-defense. The foregoing is a brief summary of the salient facts proved on the trial.

The court in his charge to the jury instructed them relative to the law of murder with and without malice and on self-defense; to which no objections were interposed and no special instructions were requested. It is true that express malice was not shown, but that was not absolutely essential to a conviction of murder with malice since malice may be implied. If the jury had accepted appellant's version of the fatal difficulty, they no

doubt would have acquitted him on the theory of self-defense, but this they did not do.

The issue of murder with or without malice is one of fact to be determined by the jury and this Court would not be justified to interfere with their conclusion on the subject since they are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to their testimony.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant presses upon us the correctness of his contention that the facts show only murder without malice.

It must be remembered that, under the law as it presently exists, there are no degrees of the crime of murder. Murder without malice is not a degree of that crime but is a murder committed under the influence of sudden passion arising from an adequate cause, for which the Legislature has limited the punishment.

The term "adequate cause" means such a cause as would commonly produce in a person of ordinary temper that degree of anger, rage, sudden resentment, or terror as to render the mind incapable of cool reflection. Art. 1257c, P. C. The Legislature has not by statute set forth any particular fact or facts as in law would constitute adequate cause, but has left to the jury the determination of when adequate cause exists from all the facts or circumstances in the case. So then, whether an unlawful killing is one without malice is a fact question for the jury's determination. To overturn the finding of the jury upon such a fact question, we would be required to say that the undisputed facts did not warrant that conclusion.

In the instant case, the facts would warrant no such conclusion but, to the contrary, the facts amply support the jury's conclusion tht the killing was with malice.

From what has been said, it follows that we remain convinced of the correctness of our original conclusions, and appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.