**Pedro Guzman ACOSTA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68237.**

Court of Criminal Appeals of Texas, En Banc.

July 2, 1986.

Richard D. Esper, Arthur A. Abraham, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Robert Dinsmoor, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for State.

OPINION

McCORMICK, Judge.

Appellant was convicted of voluntary manslaughter and punishment was assessed at twenty years' confinement.

In his first ground of error, appellant argues that the trial court erred in submitting a charge of voluntary manslaughter to the jury when the evidence did not raise

the issue of voluntary manslaughter. The indictment in the case alleged that appellant caused the death of the victim by stabbing him with a knife. In its charge to the jury, the court charged the jury on the primary offense of murder and, over the appellant's objection, on the lesser included offense of voluntary manslaughter. The jury found appellant guilty of the lesser included offense.

In *Bradley v. State*, 688 S.W.2d 847 (Tex.Cr.App.1985), we considered the same question. In *Bradley*, we held that, unless there is some evidence of sudden passion in the case, voluntary manslaughter cannot be considered a lesser included offense of murder. Thus a determination must be made as to whether the evidence raised the issue of sudden passion.

The evidence introduced at trial showed that on the day of the offense appellant and the deceased were standing outside a methadone clinic in El Paso. The deceased gave appellant some money to buy beer. When appellant returned from making the purchase the deceased became angry because there was no change left over from the money he had initially given appellant. The deceased began arguing with appellant and calling him names. The appellant told the deceased to calm down and he would go get him some additional money. He then began to walk away from the deceased. The deceased, however, followed appellant and continued screaming obscenities. One of the eyewitnesses told appellant to be careful as the deceased was carrying a knife. Following this admonition, the deceased told appellant that when he pulled out his knife, his intention was to use it. Appellant testified at trial that he then saw the deceased reach for his knife and advance toward him. In fear and in self-defense, he took out his own knife. As the two scuffled, the deceased was stabbed and killed.

"There was no testimony from any source to indicate appellant became enraged, resentful or terrified immediately prior to the [stabbing]. Had the evidence shown appellant in fact seemed enraged or terrified before acting, it would have been proper for the trial court to submit the issue to the jury to decide whether [appellant's] behavior constituted adequate provocation to produce such a degree of anger or terror, 'viewed objectively through the eyes of an ordinary man.' *Hobson v. State*, 644 S.W.2d 473 (Tex.Cr.App.1983). The evidence simply does not show that such a passion did arise.

"The fact that the evidence raises the issue of and the court charges on the law of selfdefense (sic) (as it did in this cause) will not *entitle* an objecting accused to a charge on voluntary manslaughter unless there is evidence that the killing occurred under the immediate influence of sudden passion arising from an adequate cause. *Daniels v. State*, 645 S.W.2d 459 (Tex.Cr.App.1983); *Medlock v. State*, 591 S.W.2d 485 (Tex.Cr.App.1979). By the same token, just because the evidence may raise an issue of self defense does not mean an accused must be subjected to a charge on voluntary manslaughter over objection where the evidence does not even suggest he was overcome by a sudden passion and therefore acted while incapable of cool reflection." *Bradley v. State, supra* at 852. [material in brackets added] (emphasis in original)

We conclude that voluntary manslaughter should not have been charged as a lesser included offense of murder over the objection of the accused. Furthermore, because the evidence did not raise, much less prove beyond a reasonable doubt, the element of sudden passion, we now hold that appellant's conviction must be reversed and a judgment of acquittal entered. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

The judgment is reversed and the cause is remanded to the trial court with instructions to enter a judgment of acquittal.

WHITE, J., concurs in the result.

ONION, C.J., not participating.