ONION, P.J., and WHITE, J., join.

**Willie Charles WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1284–85.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 2, 1988.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, former Dist. Atty. and Kathi Alyce Drew, Deborah E. Farris, David Jarvis and Stewart Robinson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION DISSENTING TO REFUSAL OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

This is an appeal from a conviction for murder proscribed by V.T.C.A. Penal Code, 19.02(a)(1). The cause is here again, this time on appellant's petition for discretionary review which presents three grounds for review pertaining to prosecutorial argument and one raising a *Cobarrubio* issue. See *Cobarrubio v. State*, 675 S.W.2d 749 (Tex.Cr.App.1983).*

Today, without stated reason, the Court refuses to review appellant's PDR, notwithstanding opinion of the Dallas Court of Appeals, designated to be published, implicates "certain analytical nuances" in reviewing *Cobarrubio* error that are far from settled, e.g., *Brown v. State*, 757 S.W.2d 754 (Tex.Cr.App.1988) (Clinton, J., dissenting). See generally Tex.R.App.Pro. Rule 200.

---

* On original submission in an unpublished opinion the court of appeals reversed the judgment of conviction; it held the charge to the jury was fundamentally erroneous in that it authorized the jury to convict appellant of murder without requiring the prosecution to prove that when he stabbed deceased appellant was not acting under the immediate influence of sudden passion arising from an adequate cause ("sudden passion"). *White v. State* (Tex.App.—Dallas No. 05–83–00154–CR, delivered February 17, 1984).

The Court granted the State's petition for discretionary review and, after deciding *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985), we remanded the cause to the court of appeals for further proceedings not inconsistent with our opinion in *Almanza*. *White v. State* (Tex.Cr. App. No. 441–84, delivered April 24, 1985).

On remand the Dallas Court of Appeals addressed seven points of error complaining of jury argument by the prosecutor, overruling each. It then turned to the *Cobarrubio* point, treated the evidence as sufficient to raise the issue of "sudden passion," found "fundamental error" but, upon making its *Almanza* analysis, concluded appellant did not suffer "egregious harm." One justice dissented to disposition of points relating to jury argument. *White v. State*, 699 S.W.2d 607 (Tex.App.—Dallas 1985).

Furthermore, the court of appeals approached the problem with the premise that "sudden passion" is a defensive issue to murder, just as the Court had intimated in earlier opinions. However, with *Daniel v. State*, 668 S.W.2d 390 (Tex.Cr.App.1984), among others, we began to discern that the Court "simply will not come to grips with the dichotomy created by provisions of V.T.C.A. Penal Code, §§ 19.02(a)(1) and 19.04," *id.*, at 394; that perhaps voluntary manslaughter is not "a defense or in the nature of a defense to murder," *id.*, at 395; that while the decision in *Braudrick v. State*, 572 S.W.2d 709 (Tex.Cr.App.1978), "must have seemed like the proverbial good idea at the time," *id.*, at 397, it has led to "massive exercises in legal contortion," *id.*, at 399.

Accordingly, we determined to reexamine extant concepts against others, and for that purpose the Court granted review on its own motion in *Bradley v. State*, 688 S.W.2d 847 (Tex.Cr.App.1985), "with a view to straightening out some of the contortion." *Id.*, at 849.

Delivering its opinion some seven months before the decision below, the *Bradley* court made a conscious and deliberate effort to demonstrate that in truth *Braudrick* and followings erred, in that "[sudden passion] has not been generally regarded a defense in this State," and in that "there is nothing in the penal code or in the code of criminal procedure remotely suggesting that the Legislature intended it to be one." *Id.*, at 849. We disapproved of that particular *Braudrick* concept, *id.*, at 850, n. 3, in favor of a different formulation, *viz:*

> "Thus, when the evidence raises the issue of 'sudden passion,' its negation becomes an 'implied element' of murder. Sudden passion is, in essence, a circumstance surrounding the forbidden conduct, see V.T.C.A. Penal Code, § 1.07(a)(13)(A), the existence of which the State must refute beyond a reasonable doubt."

*Id.*, at 851. The formulation is further explicated therein.

The point is the opinion of the Dallas Court of Appeals is crafted with cloth from *Braudrick* that by then had been discarded by this Court. We should examine it in light of new fabric from *Bradley* and other germane decisions, including *Ruiz v. State*, 753 S.W.2d 681 (Tex.Cr.App.1988).

Because the Court does not grant appellant's petition for discretionary review to those ends, I respectfully dissent.

TEAGUE, J., joins.