Waymon SCOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–91–00001–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 1, 1991.

John F. Carrigan, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before JUNELL, CANNON and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Waymon Scott, appeals his judgment of conviction for the offense of murder. Texas Penal Code Ann. § 19.02 (Vernon 1989). The jury rejected appellant's not guilty plea and assessed punishment at twenty-five (25) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

In his sole point of error appellant asserts that the evidence was insufficient to support a conviction for murder as the State failed to prove the absence of sudden passion arising from an adequate cause beyond a reasonable doubt. Appellant attacks the sufficiency of the evidence to sustain the jury's verdict, which found him guilty of murder. At the request of appellant, the trial court submitted an abstract instruction on the lesser included offense of voluntary manslaughter, as defined in Section 19.04, Tex. Penal Code (Vernon 1989), as well as applying it in this manner:

Our law provides that a person commits the offense of voluntary manslaughter if he intentionally or knowingly causes the death of an individual or if he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual, except that in either event he

causes the death under the immediate influence of sudden passion arising from an adequate cause.

\* \* \* \* \* \*

Now, if you find from the evidence beyond a reasonable doubt that ... the defendant ... did then and there unlawfully, intentionally or knowingly cause the death of Renee Michelle Underwood, ... and that the defendant, in so acting, was not acting under the immediate influence of sudden passion arising from an adequate cause; or if you find from the evidence beyond a reasonable doubt that ... the defendant ... did then and there unlawfully intend to cause serious bodily injury to Renee Michelle Underwood, and did cause the death of Renee Michelle Underwood by intentionally or knowingly committing an act clearly dangerous to human life ... and that the defendant, in so acting, was not acting under the immediate influence of sudden passion arising from an adequate cause, then you will find the defendant guilty of murder as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant of murder and next consider whether the defendant is guilty of voluntary manslaughter.

Proper definitions of "sudden passion" and "adequate cause" also were submitted:

"Sudden passion" means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation.

"Adequate cause" means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.

The charge thus complied with the requirement of *Cobarrubio v. State*, 675 S.W.2d 749 (Tex.Crim.App.1983), that the jury charge require the State to negate the addi-

tional elements of voluntary manslaughter in order to sustain a conviction for murder where both offenses are submitted.

■ The fact that the trial court submitted the charge on the lesser included offense does not inherently mean that the evidence proved that appellant committed voluntary manslaughter rather than murder. Appellant was entitled to the instruction if any evidence from any source raised the lesser offense, *Lawrence v. State*, 700 S.W.2d 208, 210 (Tex.Crim.App.1985). Once the issue of sudden passion is raised, the State "must disprove beyond a reasonable doubt the issue of sudden passion." *Lawrence*, supra, *citing Bradley v. State*, 688 S.W.2d 847 (Tex.Crim.App.1985). The plurality opinion in *Bradley* characterized the negation of "sudden passion" as an "implied element" of murder in this type of case. 688 S.W.2d at 851. *Lawrence, supra* at 213, held that due process of law required that the State's burden be "beyond a reasonable doubt" with regard to this "implied element," as with other elements, in light of *Mullaney v. Wilber*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

■ *Lawrence* took care to avoid extending *Mullaney* too far. The Supreme Court only held that a state's statutory scheme must not shift this burden away from the prosecution. *Lawrence, supra*. Nothing in *Bradley, Lawrence*, or *Mullaney* alters the cardinal principles governing appellate review of the sufficiency of evidence. Thus, in *Johnson v. State*, 815 S.W.2d 707 (Tex.Crim.App.1991), the court of criminal appeals made it clear that the same appellate principles which govern other types of sufficiency review also shall apply when assessing the sufficiency of the evidence to support a jury's finding that a defendant committed murder rather than voluntary manslaughter.

■ First, the test on appeal is whether "*any* rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *Johnson*, at 712, citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) and

*Moreno v. State*, 755 S.W.2d 866 (Tex. Crim.App.1988). Second, the evidence is to be viewed in the light most favorable to the jury's verdict. *Johnson, supra.* Third, an appellate court must show due deference to the jury's prerogative as factfinder to assess the weight and credibility of the evidence. *Lawrence* specifically recognized that principle in the context of evidence supposedly raising the "sudden passion" issue: "As the trier of fact, the jury determined the credibility of the witnesses and the weight to be given their testimony, and it was free to reject any or all of the testimony of any of the witnesses." *Id.* at 211. While *Johnson*, at 711, and *Gold v. State*, 736 S.W.2d 685 (Tex.Crim.App.1987), cautioned that a jury's finding of the lack of sudden passion could not be supported "purely on the basis of its disbelief of the accused's contrary assertions," *Johnson*, at 713, made it clear that a jury's resolution of conflicting evidence is entitled to appellate deference. When those principles are applied here, it is clear that a rational jury could reject quite a bit of nonsensical, self-serving testimony by appellant and legitimately conclude, on the basis of evidence presented by the State as well as disbelief of appellant's "sudden passion" testimony, that appellant did not act out of sudden passion arising from an adequate cause when he killed Renee Underwood.

Viewed in the light most favorable to the verdict the evidence showed the following: Beaumont Police officers met appellant at a restaurant on the night of May 17, 1989, whereupon he told them he had killed his girlfriend in LaPorte, Texas. LaPorte Police officers found Renee Underwood's dead body in the bathroom of the apartment she shared with appellant. A knife protruded from her chest, and she had several other stab wounds in her abdomen. Another bent, bloody knife lay beside the corpse. Nine of the abdominal stab wounds were fatal, in that Underwood bled to death, internally and externally.

Appellant gave the LaPorte Police a written statement which was admitted at trial and read to the jury. In the statement, appellant related that the victim smoked "crack" and "dope" with various people at their apartment on the evening of May 17. The confession claimed that appellant told Underwood that "she needed to quit that stuff," but it also stated that appellant supplied some of the "crack" himself. When Underwood said she was leaving, an argument ensued, and Underwood got a knife out of the bedroom. Underwood "poked" appellant in the chest with the knife a few times, but "she put it back" then "went to the bathroom to fix her hair to leave." That is what set the appellant off, according the statement:

> I really got upset because I didn't want her to leave and do anymore [sic] tricks or dope. I grabbed her by the throat with my hands and started choking her ... It must have been about ten minutes I had her by the throat. She kind of passed out and was foaming at the mouth. I just kept telling her I love her. I got up and she was still moving so I went and got a knife from the kitchen and started stabbing her then left it in her. She was still moving so I got a second knife from the kitchen cabinet, the knife block, and stabbed her some more with it ...

Viewed in the light most favorable to the jury's verdict, this evidence showed that Underwood displayed a knife, did not use it in a deadly manner, then put it away. She went to the bathroom, and appellant got angry because, in his view, Underwood's imminent departure was the culmination of a long, annoying evening. A rational jury rightly could find that, like the taunting and quarreling in *Johnson, supra*, Underwood's attempt to leave was not "adequate cause." Furthermore, the existence of "sudden passion" must, under the statute, "arise at the time of the offense," which in this instance did not occur until the appellant stabbed Underwood. Thus a rational jury could find that appellant's homicidal conduct, i.e., the stabbing, was not the product of "sudden" passion. Appellant's confession said he strangled Underwood for many minutes, which was borne out by the medical examiner's testimony. According to the medical examiner, Underwood's foaming around the mouth would indicate

that she was strangled for at least five minutes while still alive. Appellant observed her pass out and said he "loved" her; both the observation and the expression of endearment are indicative of some reflection on the situation. Then, because Underwood was "still moving," appellant took the fatal step of stabbing her. Clearly, at the time of the homicidal conduct, appellant was not in the grip of "sudden" passion. Nor would a rational jury find that Underwood's unconscious, injured throes were an "adequate cause" for the fatal step of stabbing her.

Appellant tried to talk his way around this in his testimony. His version of the facts at trial added an assault upon appellant by Underwood inside the bathroom, first by displaying a knife and then by "kneeing" him. He said he choked her briefly, then stopped, but resumed at the victim's request: "She grabbed my hand and pulled them around her neck and said for me to do it again." When she struck appellant with a knife, appellant "got mad," he said, and commenced the prolonged choking. This time appellant claimed he first used the knife that already was in the bathroom.

Appellant emphasizes his trial narrative in support of his argument that the evidence was insufficient. That approach does not view the evidence in the light most favorable to the verdict. As the factfinder, the jury was free to choose the version of the facts shown in the confession as being more honest and accurate. We find that the evidence was sufficient to support a rational jury finding that appellant committed murder, not voluntary manslaughter. Appellant's sole point of error is overruled.

Accordingly, we affirm the judgment of the trial court.