**Abundio GUERRA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–94–00694–CR.**

Court of Appeals of Texas, San Antonio.

Nov. 20, 1996.

Discretionary Review Refused Feb. 26, 1997.

## OPINION

GREEN, Justice.

The State indicted Abundio Guerra on a charge of murder. A jury convicted Guerra of the lesser included offense of voluntary manslaughter and sentenced him to four years incarceration. Guerra appeals and, in a single point of error, complains the trial court erred in instructing the jury, over his objection, on the lesser included offense in the jury charge. We affirm.

Guerra was driving home and was spotted by Silva, the decedent, who followed him. When Guerra arrived at his ranch, Silva parked his truck behind Guerra's vehicle and, leaving his engine running and bright lights on, jumped out of the truck with an open knife in one hand and a beer bottle in the other. Guerra armed himself with a revolver and stepped out of his vehicle. Silva cursed at Guerra and threatened him with the knife. Guerra told him to leave but, instead, Silva advanced on him, attempting to stab him. Guerra fired his revolver three times, killing Silva.

Guerra properly objected to the jury charge; accordingly, we apply *Almanza* to determine whether there was charge error and, if so, whether the error resulted in some harm to the defendant. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985).

Where evidence of sudden passion is raised and an instruction on voluntary manslaughter is properly requested, the court is required to submit the instruction. *Medlock v. State,* 591 S.W.2d 485, 486 (Tex. Crim.App.1979). The issue is raised when there is *some* evidence, however weak, contested, or incredible, which could support a rational jury finding that the defendant killed the deceased while under the immediate influence of sudden passion arising from adequate cause. *Gold v. State,* 736 S.W.2d 685, 688 (Tex.Crim.App.1987), *overruled in part on other grounds, Torres v. State,* 785 S.W.2d 824, 825 (Tex.Crim.App.1989).

The credibility of evidence and whether it is controverted or conflicts with other evidence in the case may not be considered in determining whether a defensive charge or

Armando Barrera, Barrera & Barrera, Alice, for Appellant.

Joe Mike Pena, Assistant District Attorney, San Diego, Rudolfo V. Gutierrez, Assistant District Attorney, Hebbronville, for Appellee.

Before LÓPEZ, STONE and GREEN, JJ.

an instruction on a lesser included offense should be given. When evidence from any source raises a defensive issue or raises an issue that a lesser included offense *may* have been committed and a jury charge on the issue is properly requested, the issue *must* be submitted to the jury. It is then the jury's duty, under the proper instructions, to determine whether the evidence is credible and supports the defense or the lesser included offense.

*Moore v. State,* 574 S.W.2d 122, 124 (Tex. Crim.App. [Panel Op.] 1978) (emphasis added).

■ First, there must be evidence of some conduct by the deceased amounting to legally sufficient provocation under Penal Code Section 19.04(c); that is, some conduct adequate to "produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection." TEX. PENAL CODE ANN. § 19.04(c).[1] Second, there must be some evidence which would permit a jury rationally to find that the defendant was, in fact, "provoked," and acted under a state of mind, be it anger, rage, resentment, or terror, which rendered him incapable of cool reflection. *Gold,* 736 S.W.2d at 688–89. In short, there must be some evidence that the defendant was provoked by the deceased into acting with "sudden passion." The testimony of the defendant alone is sufficient to raise the issue of sudden passion. *Medlock,* 591 S.W.2d at 486.

■ In determining whether the evidence is sufficient to warrant a voluntary manslaughter instruction, all relevant facts and circumstances must be considered. *Sattiew-* *hite v. State,* 786 S.W.2d 271, 287 (Tex.Crim. App.1989), *cert. denied,* 498 U.S. 881, 111 S.Ct. 226, 112 L.Ed.2d 181 (1990).

■ In this case, the evidence revealed an ongoing dispute between Guerra and Silva, which ultimately led to the confrontation in question. A few days before the encounter, in a conversation with a Sheriff's deputy, Silva threatened to kill Guerra and called him a coward. The deputy related these threats to Guerra and warned him to stay away from Silva. Guerra testified that when he was confronted by Silva on the night in question, he was in fear for his life and fired at Silva to protect himself. Guerra said he was "so scared that all I thought is he's going to cut me, he's going to kill me."

Guerra contends that the voluntary manslaughter instruction was improperly submitted because the evidence was insufficient to show "sudden passion;" rather, he contends it shows that he was "capable of cool reflection" during his encounter with Silva. Guerra points to evidence that he acted to move a witness out of harm's way, that he was backing up as Silva approached him, and that he warned Silva to leave. But the salient question before us is not whether there was any evidence to show that Guerra was capable of cool reflection. Instead, the relevant question is whether there was some evidence of sudden passion to justify the submission of the voluntary manslaughter instruction. *See Gold,* 736 S.W.2d at 688.

Guerra cites *Bradley v. State,* 688 S.W.2d 847 (Tex.Crim.App.1985), in support of his contention that voluntary manslaughter should not have been submitted in this case. In *Bradley,* as in this case, the defendant

---

1. Subsequent to the alleged offense, Penal Code Section 19.04, the voluntary manslaughter statute, was repealed and superseded. The former statute, applicable to these facts, is set out verbatim as follows:

(a) A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause.

(b) 'Sudden passion' means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time

of the offense and is not solely the result of former provocation.

(c) 'Adequate cause' means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.

(d) An offense under this section is a felony of the second degree.

Act of June 14, 1973, 63rd Leg., R.S., ch. 426, 1973 Tex. Gen. Laws 1124 (formerly TEX. PENAL CODE ANN. § 19.04), *repealed and superseded by* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3614. We refer to the former version of section 19.04.

was charged with murder but was convicted by the jury of the lesser included offense of voluntary manslaughter. *Bradley*, 688 S.W.2d at 848–49. The defendant objected to the voluntary manslaughter instruction. *Id.* at 853. The court of criminal appeals reversed the conviction and ordered acquittal on the basis that the evidence did not raise the sudden passion issue. *Id.* at 852–53.

But *Bradley* is factually distinct from this case in that, when considering all the relevant facts and circumstances, the evidence failed to raise an issue that the defendant acted out of sudden passion when he shot the victim. The alleged act of sudden passion was too remote in time from the provocation. In *Bradley*, upon being threatened by the victim, the defendant left the scene and went to his apartment to retrieve a sawed-off shotgun. *Id.* at 852. Then, before returning to where the victim was located, the defendant told his girlfriend, "Don't worry, Diane, I'm not going to shoot him. I'm ... I'm just going to scare him so he'll leave." The defendant then confronted the victim and the shooting resulted. *Id.*

█ The defendant in *Bradley* walked away from the decedent's provoking event—the "adequate cause"—but returned later with a weapon, leading to the killing. This evidence failed to raise a fact issue that the victim's previous threats to kill the defendant immediately influenced the defendant to shoot the victim. *Id.* "A charge on voluntary manslaughter should only be given when there is evidence that the defendant acted under the *'immediate influence* of sudden passion arising from adequate cause.'" *Sattiewhite*, 786 S.W.2d at 287. (emphasis added); *see also Travis v. State*, 921 S.W.2d 559, 564–67 (Tex.App.—Beaumont 1996, no pet.) (no error in refusing to instruct a jury on voluntary manslaughter when the evidence showed that between the time of the victim's provocation of the defendant and the attack on the victim, the defendant had the opportunity to talk to another person, leave the room, and go out to a tool shed to get weapons). Accordingly, the trial court in *Bradley* was not authorized to instruct the jury on voluntary manslaughter over the defendant's objection.

In contrast, the evidence in this case showed that Guerra's action in shooting Silva was an immediate reaction to Silva's provoking conduct—Silva's attack with a knife. In *Gonzales v. State*, 838 S.W.2d 848, 852–53 (Tex.App.—Houston [1st Dist.] 1992, pet. dism'd), the deceased confronted the defendant with a .38 caliber revolver and shot him. In response, the defendant fired back, killing the deceased. *Gonzales* 838 S.W.2d at 853. The defendant testified that at the time of the confrontation he was "excited," his emotions were "real high," and he was "scared, afraid of the confrontation." *Id.* The defendant also testified that, after he was shot, "I was scared, I thought I was going to die, I was in fear of my life, and she was going to shoot me again...." *Id.* at 855. The court held that this evidence supported the voluntary manslaughter instruction. *Id.* at 856.

We believe *Gonzales* is a more apt analogy to this case. The provocations in *Gonzales*, and in this case, were immediately prior to the shootings, and both Guerra and the accused in *Gonzales* testified that they were "scared" for their lives when the shootings occurred. Although the shootings may be considered acts of self-defense, that possibility does not exclude them from being acts of sudden passion. There was some evidence that Guerra's action was provoked and that the shooting was a reaction to the fear he felt. And unlike the defendant in *Bradley*, he was not able to withdraw from the provocation.

We conclude there was some evidence which could support a rational jury finding that Guerra killed Silva while under the immediate influence of sudden passion arising from adequate cause. Accordingly, the trial court did not err in instructing the jury on voluntary manslaughter as a lesser included offense of murder. The point of error is overruled.

The judgment of the trial court is affirmed.