NUMBER 13-01-030-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ___________________________________________________________________


TIMOTHY DONALD BEAN , Appellant,


v.



THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 9th District Court

of Montgomery County, Texas.

__________________________________________________________________


O P I N I O N


Before Chief Justice Valdez and Justices Castillo and Baird (1)

Opinion by Justice Baird


 Appellant was charged by indictment with the offense of murder. A jury convicted appellant of the lesser-included offense
of manslaughter and assessed punishment at twenty years confinement in the Texas Department of Criminal
Justice--Institutional Division, and a fine of $10,000. Appellant raises four points of error. We affirm.

I. Sufficiency Challenges.

 Points of error one and two contend the evidence is legally and factually insufficient to support the jury's verdict. As noted
above, appellant was convicted of the lesser-included offense of manslaughter. If a defendant does not object to the
submission of a lesser-included offense and accepts the benefits of such a charge, he is estopped from challenging the legal
sufficiency of the evidence to support a conviction for that lesser offense. Taylor v. State, 947 S.W.2d 698, 702 (Tex.
App.-Fort Worth 1997, pet. ref'd) (citing State v. Lee, 818 S.W.2d 778, 781 (Tex. Crim. App. 1991); Bradley v. State, 688
S.W.2d 847, 853 (Tex. Crim. App. 1985). This reasoning has been extended to factual sufficiency challenges as well as
legal sufficiency challenges. Otting v. State, 8 S.W.3d 681, 687 (Tex. App.-Austin 1999, pet. ref'd, untimely filed).

 In the instant case, appellant did not object to the inclusion of the lesser-included offense instruction. (2) Accordingly, we
hold appellant is estopped from challenging the legal and factual sufficiency of the evidence to support his conviction for
manslaughter. The first and second points of error are overruled.II. Extraneous Offenses.

 The third and fourth points of error complain of extraneous offense evidence admitted by the State through two witnesses,
Coby Phillips and Michael Joyner. The trial court conducted a hearing outside the presence of the jury to determine
whether this evidence was admissible. Appellant states the evidence was offered to prove the prior relationship between
appellant and the complainant, appellant's state of mind toward the complainant, and to negate any defense of mistake. 

 Appellant argues this evidence was not admissible under either article 38.36(a) of the Code of Criminal Procedure or rules
403 or 404(b) of the Texas Rules of Evidence. (3)

 Assuming arguendo that the evidence was inadmissible, we would be faced with the question of harm. Rule 44.2(b) of the
Texas Rules of Appellate Procedure prescribes the harm analysis for error stemming from the extraneous offense evidence.
Tex. R. App. P. 44.2(b); Webb v. State, 36 S.W.3d 164, 181 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd). That rule
provides that non-constitutional error that does not affect a substantial right must be disregarded. A substantial right is
violated when the error had a substantial and injurious effect or influence in determining the jury's verdict. King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citingKotteakos v. U.S., 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557
(1946)). If the error had no influence or only a slight influence on the verdict, it is harmless. Johnson v. State, 967 S.W.2d
410, 417 (Tex. Crim. App. 1998). However, if the reviewing court is unsure whether the error affected the outcome, the
court should treat the error as harmful, i.e., as having a substantial and injurious effect or influence in determining the jury's
verdict. Webb, 36 S.W.3d at 182. Neither party has the burden of proof under rule 44.2(b). Id. The appellate court will
examine the record for purposes of determining harm. Id.

 Appellant shot and killed the complainant, disposed of his body in a septic tank, covered the same with concrete, and hid
the weapon, a shotgun. Appellant confessed to the offense but stated the weapon discharged when the complainant grabbed
the barrel of the shotgun. In the instant case, the complained of evidence was admitted to prove the charged offense, i.e.,
that appellant possessed the specific intent to kill. Tex. Pen. Code Ann. § 19.02(b)(1) (Vernon 1994). As noted above, the
jury acquitted appellant of that offense and convicted him of the lesser-included offense of manslaughter. That verdict we
believe is compelling evidence that the extraneous offense evidence had no influence or only a slight influence on the jury.
Logic dictates that when the complained of evidence is offered to establish proof of the greater offense, but the jury acquits
the defendant of that offense and convicts of the lesser offense, the complained of evidence did not have a substantial and
injurious effect or influence on the jury's verdict. King, 953 S.W.2d at 271. Therefore, assumingarguendo the trial court
erred in admitting the extraneous offense evidence, we hold the error harmless. Tex. R. App. P. 44.2(b). Accordingly,
points of error three and four are overruled.

 The judgment of the trial court is affirmed.



________________________

CHARLES F. BAIRD Justice

Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 4th day of October, 2001.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. The manslaughter instruction read as follows:

Now if you find from the evidence beyond a reasonable doubt that on or about July 21, 1999, in Montgomery County,
Texas, the defendant, Timothy Donald Bean, did recklessly cause the death of an individual, namely, [the complainant], by
shooting [the complainant] with a deadly weapon, to wit: a firearm, then you will find the defendant guilty of the lesser
included offense of Manslaughter. 

Appellant did, however, object to the inclusion of the italicized portion of the instruction. 

3. Tex. Code Crim. Proc. Ann. art. 38.36(a)(Vernon Supp. 2001): "In all prosecutions for murder, the state or the defendant
shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous
relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to
show the condition of the mind of the accused at the time of the offense."

Tex. R. Evid. 403: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the
danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless
presentation of cumulative evidence."

Tex. R. Evid. 404(b): "Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs or acts is not admissible to prove
the character of a person in order to show action in conformity therewith. It may, however, be admissible for other
purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or
accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial
of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction."