

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1184-18

**ROBERT CHAYENNE ALVAREZ, Appellant**

**v.**

**THE STATE OF TEXAS**

**DISSENT TO REFUSAL TO GRANT
STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIRST COURT OF APPEALS
HARRIS COUNTY**

KELLER, P.J., filed a dissenting opinion in which YEARY and SLAUGHTER, JJ., joined.

Should a defendant be allowed to complain on appeal about the submission of a lesser offense, when defense counsel agreed to its submission at trial? What if the record is not entirely clear about what happened, but there is some indication that defense counsel agreed to its submission? In the past, I have argued that this Court should adopt a doctrine of "beneficial acquiescence," by which a defendant who fails to object to a lesser-offense submission would be

estopped from complaining about it on appeal.[1] There is support for this position in prior precedent,[2] and applying an estoppel rule seems especially appropriate for lesser-offense submissions because such submissions are often beneficial to the defendant. When, as in this case, the record suggests that the defense attorney affirmatively consented to submission, the inference that the submission was beneficial to the defendant is strong.

Appellant was indicted for assault on a public servant. Evidence at trial showed that the public servant in question was a deputy sheriff. Resisting arrest was submitted as a lesser offense in the jury charge, and the jury ultimately convicted on that lesser offense. In a motion for new trial, Appellant alleged ineffective assistance of counsel. Appellant attached as an exhibit an affidavit from his trial attorney's law clerk. In this affidavit, the law clerk stated that Appellant's attorney told the prosecutor that "he was ok with" the submission of resisting arrest as a lesser offense.[3] On appeal, however, Appellant argued that the trial court erred in submitting the lesser offense of resisting arrest because it was not in fact a lesser-included offense of the indicted assault offense.

In *Bradley v. State*, this Court pointed to the beneficial nature of lesser-included offense submissions and concluded that the defendant's failure to object to such a submission can give rise to estoppel consequences: "By invoking the benefit of the lesser included offense charge at trial in

---

[1] *See Woodard v. State*, 322 S.W.3d 648, 660-61 (Tex. Crim. App. 2010) (Keller, P.J., concurring); *Hall v. State*, 225 S.W.3d 524, 537-39 (Tex. Crim. App. 2007) (Keller, P.J., dissenting).

[2] *See Hall*, 225 S.W.3d at 538 (Keller, P.J., dissenting) (citing *Bradley v. State*, 688 S.W.2d 847, 853 (Tex. Crim. App. 1985), *overruled on other grounds by*, *Moore v. State*, 969 S.W.2d 4, 10 (Tex. Crim. App. 1998)).

[3] At the motion-for-new-trial hearing, defense counsel indicated that he was aware that the lesser offense was being submitted and that the State had requested its submission but could not recall whether or not he lodged an objection. No discussions relating to the submission of the lesser offense appear in the trial record.

not objecting to its submission to the jury, an accused will be estopped from then complaining on appeal that the evidence failed to establish all the elements of the offense."[4]  Professors Dix and Dawson have explained that both the defendant and the State potentially stand to benefit from a lesser-included offense submission:

> Both sides potentially may benefit from a lesser included offense instruction. The defense interest is in limiting punishment exposure by providing a lesser alternative to the charged offense while the prosecution can obtain a greater likelihood of some type of conviction by giving the jury the option of convicting for an offense with less difficult proof requirements.[5]

Consequently, if the submission of a lesser offense were not to the defendant's benefit, one would expect him to complain about it.[6]

And in fact, Appellant benefitted handsomely from this submission.  The assault offense for which he was originally charged is a third-degree felony,[7] with a maximum sentence of incarceration of ten years in prison.[8]  There was substantial evidence to support the assault offense.  The lesser offense of resisting arrest is a Class A misdemeanor,[9] with a maximum sentence of incarceration of

---

[4]  688 S.W.2d 847, 853 (Tex. Crim. App. 1985).  *See also Hall*, 225 S.W.3d at 538

[5]  *Woodard*, 322 S.W.3d at 660 (Keller, P.J., concurring) (quoting George E. Dix & Robert O. Dawson, 43 TEXAS PRACTICE, § 36.50 at 249 (Supp. 2009)).

[6]  *See id.* at 660 & n.4.  *See also* Dix and Dawson, § 36.50 at 250 ("It is clear that the defense may not claim error successfully on appeal due to the omission of a lesser included offense if the defense refrained from requesting one. Likewise, any error in the improper submission of a lesser included instruction is waived if the defense fails to object to the instruction.").

[7]  TEX. PENAL CODE § 22.01(b)(1).

[8]  *Id.* § 12.34(a).

[9]  *Id.* § 38.03(c).

one year in jail.[10]  Appellant received two years' probation.

In *Woodard*, the Court held that estoppel would bar complaint, even if the defendant did not expressly request the lesser-offense submission, if the record shows that the defendant "had some responsibility for the jury instruction" such as being involved in its preparation.[11]  In her concurring opinion in that case, Judge Cochran remarked that the defendant "was fully supportive of the notion of submitting the lesser offenses."[12]  In my concurring opinion, I pointed out that we were "lucky" that the record contained evidence of counsel's involvement in drafting the jury charge and that such proceedings could easily have occurred in an off-the-record conference.[13]

Although *Trejo* held that estoppel would not arise from the "mere absence of a showing of responsibility for the inclusion of the charge on the lesser offense,[14] I  think we should reconsider the notion that a defendant who receives a potentially beneficial lesser-included offense submission can obtain a reversal on a silent record.  The present case provides further support for my conclusion that the record often will not highlight actions that defense counsel took that ought to estop the defendant from complaining about the submission of a lesser offense.  Instead, we should require the defendant to show that the lesser-included offense submission was "a genuine oversight" rather

---

[10]  *Id.* § 12.21(2).

[11]  *Woodard*, 322 S.W.3d at 659 (Court's op.).

[12]  *Id.* at 662 (Cochran, J., concurring).

[13]  *Id.* at 660 (Keller, P.J., concurring).

[14]  *See Trejo v. State*, 280 S.W.3d 258, 260 (Tex. Crim. App. 2009).

than something he "knowingly acquiesced in."[15]

But even if the Court does not want to go that far, the record in this case contains some evidence that defense counsel affirmatively agreed to the submission of the lesser offense. Counsel, therefore, bears at least some responsibility for the lesser-offense submission. That distinguishes this case from one where there is a "mere absence of a showing of responsibility" for the lesser-offense submission.

Because the Court does not grant review in this case, I respectfully dissent.

Filed: April 10, 2019

Publish

---

[15] *Woodard*, 322 S.W.3d at 661. Such a rule would not prevent a defendant from raising an ineffective assistance claim that counsel acted deficiently in failing to object to the submission of a lesser offense. Appellant raised such a claim in his motion for new trial and on appeal, but that claim was not addressed by the court of appeals.